IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LOUIS R. MARTINEZ,**

    Plaintiff,

vs.                                  Civ. No. 97-190 MV/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**[1]

    Defendant.

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[2]

1.   Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.     Plaintiff applied for disability insurance benefits under Title II of the Act on July 31, 1994. Tr. 55.  Plaintiff's application was denied at the administrative level.  Plaintiff requested and received a <u>de novo</u> review before an administrative law judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and his representative appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  Tr. 45.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 5.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.     Plaintiff alleges a disability since July 12, 1993 as a result of a back injury.  Plaintiff was born June 22, 1959. Plaintiff has a high school education. Tr. 86.  Plaintiff worked as a laborer for 13 years.  Tr. 86.

**Issues**

4.     Plaintiff alleges that the ALJ made four errors. Specifically Plaintiff claims that: (1) the ALJ erred in applying

the grids when Plaintiff had been diagnosed with depression and (2) had to change positions frequently; (3) the ALJ erred in not considering Plaintiff's depression in combination with his other impairments; and (4) failed to properly weigh and evaluate Plaintiff's pain.

**The Standard of Review**

5. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the

Commissioner to show: (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981); <u>Salas v. Califano</u>, 612 F.2d 480, 482-83 (10th Cir. 1979); <u>Gardner v. Brian</u>, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full

consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.  Plaintiff failed to carry his burden in establishing that he had a disabling impairment. To qualify for benefits, Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. 423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. 404.1513. In this case, the medical records simply do not support Plaintiff's allegations.

11. Plaintiff alleges a disabling mental impairment. Plaintiff relies on a report by Dr. R. Hillman, a psychiatrist. Little weight must be given to this report as it was obtained solely to aid the Plaintiff in his pursuit of disability benefits. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). Further, his report does not provide substantial evidence of an alleged depression of disabling severity. His report appears to be based, for the most part, upon Plaintiff's own self-reporting. Further, Dr. Hillman found no evidence of any functionally limiting symptoms. Dr. Hillman reported that Plaintiff's speech was logical and coherent, that his range of mood was appropriate and that his tone was one of only "mild" depression. Tr. 204. There was no evidence of hallucinations or loose associations. Plaintiff's answers were relevant and there was no evidence of phobias. Plaintiff could abstract problems without difficulty and he was oriented to place, person time and circumstances. Tr. 205. His memory was intact, his retention, recall and judgment were all unimpaired and he exhibited good insight. After Plaintiff was denied benefits, Plaintiff again saw Dr. Hillman. This report is at best conclusory and again based on Plaintiff's self reporting. Tr. 266. Plaintiff's complaints at this time clearly contradict his statement made during the relevant period, and further suggest a lack of credibility. See Bean v. Chater, 77 F.3d 1210 (10th Cir. 1995). There are no clinical findings to support Dr. Hillman's conclusion. Thus, the Appeals Council correctly found that this

report did not provide a basis for changing the ALJ's decision. Tr. 4. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)(Findings of a nontreating physician based upon limited contact and examination are of suspect reliability.); See Hayes v. Callahan, 976 F. Supp. 1391, 1395 (Kan. 1997)("The ALJ may reject the treating physician's opinion if the physician's records reflect only plaintiff's subjective beliefs regarding his disability...The ALJ may also reject a treating physician's opinion if it is not well supported by clinical and/or laboratory diagnostic techniques or if it is inconsistent with other substantial evidence in the record.")

    12. Plaintiff did not regularly seek treatment for depression. He did not allege depression when he filed his application. Plaintiff's statements alone cannot support a finding of disability. See Bernal v. Bowen, 851 F.2d 297, 300 (10th Cir. 1988).

    13. The presence of a nonexertional impairment does not preclude reliance on the grids. Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993). The ALJ specificaly addressed the issue as to whether Plaintiff's non-exertional impairments reduced Plaintiffis RFC below the wide range of sedentary work with a sit/stand option. Tr. 43. As discussed supra, the ALJ's finding that Plaintiff's mental impairment is not serious enough to limit the range of jobs available to him is supported by substantial evidence. Thus reliance on the grids is proper. Gossett v. Bowen,

862 F.2d 802, 808 (10th Cir. 1988).

14. Plaintiff asserts that the ALJ failed to assess the Plaintiff's impairments in combination. Plaintiff is incorrect. The ALJ specifically found that Plaintiff's depression considered in combination with his physical impairments did not interfere with his capacity to work. Tr. 31. To argue this was a conclusory statement would be at best disingenuous. The ALJ very methodically considered and evaluated the whole record. He analyzed, in the most complete opinion this court has read, the objective medical findings, Plaintiff's daily activities, and Plaintiff's testimony before the ALJ. In a thorough B-Criteria analysis, the ALJ found that the Plaintiff's had no impairment in activities of daily living or in social functioning and that he had deficiencies in concentration, persistence and pace and there was no evidence that Plaintiff had decompensated in work like setting. Such an analysis is not contrary to law. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992)("To require a more elaborate articulation of the ALJ's thought processes would not be reasonable.")(citations omitted)

15. Plaintiff argues that the ALJ did not consider the possibility of a psychological component to Plaintiff's pain. The ALJ did and found that Plailntiff was malingering. Tr. 40. This finding is overwhelmingly supported by the evidence in the record. On July 30, 1993, Dr. Shaw, reported that Plaintiff had muscle spasms with "significant symptom magnification." Tr. 177. In

September of 1993, Plaintiff's treating physician noted that Plaintiff had been offered light work but that he "does not want to do it...he is not interested." Tr. 164. The following month Dr. Jones noted that Plaintiff exhibited inconsistent "self-limiting" behavior. Tr. 160-161. In February of 1995, Plaintiff was referred to Dr. Woods for further assessment. Dr. Woods reported that Plaintiff did not work "because he feels he is unable to return to his previous job." Tr. 200.

16. Plaintiff also asserts that the record established that Plaintiff can work for only four hours per day and thus unable to perform a wide range of sedentary work. The substantial evidence is to the contrary. In support of this argument Plaintiff cites a report from a physical therapist. Tr. 215-16. A physical therapist is not a "medical source" capable of rendering an opinion regarding what a Plaintiff can do despite his impairment. Acceptable medical sources include licensed physicians or psychologists. 20 C.F.R.§404.1513(a)-1527(e)(1). Similarly, the opinion of the chiropractor of record that Plaintiff is disabled does not constitute a "medical opinion" under Agency regulations. Id.

17. The ALJ correctly considered the medical source opinions in properly assessing Plaintiff's residual functional capacity. As noted by the ALJ, on September 7, 1993, less than one month after Plaintiff's alleged injury, his treating physician, Dr. Jones recommended that Plaintiff return to light work. Tr. 24 and 164.

Dr. Jones is not only a treating physician but he is also an orthopedic specialist. His findings are entitled to substantial weight. 20 C.F.R. §404.1527(d)(2-6). On January 26, 1994, Dr. Jones reported that Plaintiff had reached maximum medical improvement and he indicated that Plaintiff, in fact, "does not need to be restricted in his work." Tr. 128. In November 1994, consultative examiner Dr. Baten suggested that Plaintiff would only have difficulty performing "significant manual labor". Tr. 195.

18. It is also important to note that the physicians of record found no objective evidence to support Plaintiff's alleged complaints. Diagnostic tests, both x-rays and a MRI of Plaintiff's back showed normal findings. Tr. 161, 162 and 169. There is no sign of a neurological impairment. Tr. 115, 119, 159, 161, 164, 168-69, 189, 197-98.

19. Plaintiff stated that the ALJ erred in applying the grids when there was evidence that Plaintiff needed to change positions frequently. However, Plaintiff presented no argument in support of this statement. Thus, Plaintiff waived this issue. James v. Chater, 96 F.3d 1341 (10th Cir. 1996).

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**